Law Offices of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
Gina Siemiatkowski

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA SIEMIATKOWSKI, | CASE NO. |
| Plaintiff, | COMPLAINT |
| | 29 USC §1132(a)(1)(B) |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

PLAINTIFF, GINA SIEMIATKOWSKI, ALLEGES AS FOLLOWS:

**JURISDICTION**

1.   This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2.   Venue is proper under 29 USC §1132(g) in that the defendant, Life Insurance Company of North America

("LINA"), does business within the jurisdiction of the United States District Court, Northern District of California.

3. Plaintiff is a resident of Wilton, New York.

4. Plaintiff is informed and believes that Defendant, Life Insurance Company of North America ("LINA") is, and at all times herein mentioned was headquartered and incorporated in Philadelphia, Pennsylvania.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. Ms. Siemiatkowski worked as a Claim Associate for State Farm Mutual Automobile Insurance Company. In 2016 chronic, severe pain and severe physical and cognitive limitations associated with hypothyroidism, fibromyalgia, small fiber neuropathy, chronic pain syndrome, degenerative disc disease cervical, endometriosis, urge incontinence, positive ANA, carpal tunnel syndrome, cognitive impairment, anxiety and depression made work as a State Farm claims representative impossible. Due to extreme physical limitations and cognitive loss, Ms. Siemiatkowski was not able to continue working in any occupation after December 22, 2016. LINA and the Social Security Administration both confirmed Ms. Siemiatkowski's work disability and LINA approved long-term disability ("LTD") for two years, and the Social Security Administration has approved continuing

Complaint

disability benefits without restrictions.  LTD benefits from LINA were then arbitrarily terminated in April 2019 when defendant determined Ms. Siemiatkowski could return to full time employment in a sedentary occupation.  This was done following a very brief medical exam and multiple medical record reviews (with no functional capacity exam), by LINA consultants and employees.

Due to unrelenting pain, and severe physical restrictions and limitations, plaintiff was taken off work by her treating doctors in mid 2017.  Her doctors have continuously advised her to remain off work from her last day of work until present.  LINA denied LTD benefits, after initially approving benefits for two years, based on limited medical reviews by their own consultants, not treating doctor's opinions.  Ms. Siemiatkowski appealed per the requirements of her insurance plan, and her appeals were denied.

6.   When plaintiff was found disabled from her employment at State Farm, there was in existence for all State Farm employees, including the plaintiff, an LTD insurance plan through LINA, and administered by LINA.

7.   The long-term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability,

Complaint

3

as defined by the plan.

8.  Plaintiff's multiple diseases, severe chronic pain, cognitive impairment, effects of multiple medications and extreme physical limitations led to a total disability from her occupation as a State Farm Claim Associate, as determined by her medical doctors, and she applied for benefits under the long-term disability insurance plan administered by defendant.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physicians that she could not return to work in her former occupation, and subsequently, any occupation, due to severe physical limitations and pain, opinions confirmed by the Social Security Administration.

9.  Plaintiff's personal physicians believed that she was in fact disabled from returning to work in any job which would require physical activity with long periods of sitting or standing, computer and keyboard work, repetitive lifting, and nearly any physical activity without frequent rest and frequent days off work.

10. Plaintiff accordingly applied for benefits under defendant's LTD plan.  LTD benefits were granted for over two years, and then denied due to defendant's opinion that the multiple, diagnosed diseases and associated chronic, severe pain did not prevent plaintiff from returning to

full time work, an opinion not based on a functional capacity exam.  Defendant's retained medical examiner recommended the functional capacity exam, however, defendant decided to deny disability benefits without conducting the requested exam.  Plaintiff appealed defendant's decision in accord with the requirements of her policy.  The appeal was denied by defendant.  The administrative appeals have been exhausted.

    11.   The relevant portion of defendant's Disability Income Plan reads as follows: "The Employee is considered Disabled if, because of Injury or Sickness, . . . 2. After Disability Benefits have been payable for 24 months, he/she is unable to perform all the material duties of any occupation for which he/she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he/she is unable to earn more than 80% of his/her Indexed Covered Earnings."

    12.   Defendant breached its obligation under the LTD plan by denying plaintiff's disability payments when plaintiff met all of the above criteria, which set forth eligibility.  Defendant arbitrarily and unreasonably relied on retained consultants' opinions as opposed to plaintiff's own statements and treating doctors' opinions.

    13.   Plaintiff at all times herein mentioned has performed all the terms and conditions of LINA's LTD plan on her part to be performed.

14. As a proximate result of defendant's failure and refusal to perform its obligations under the LTD plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For compensatory damages;
2. For costs of suit herein;
3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;
4. For prejudgment interest on all back benefits;
5. For such other and further relief as the court may deem proper.

DATED: November 26, 2019     Law Offices of P. Randall Noah

By: /s/ P. Randall Noah
P. Randall Noah
Attorney for Plaintiff, Gina Siemiatkowski

Complaint